**07 CV 10640**

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
NAIAS MARINE S.A.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAIAS MARINE S.A.,

                Plaintiff,

                07 CV _____ (___)

   v.

**VERIFIED COMPLAINT**

TRANS PACIFIC CARRIERS CO. LTD.,

                Defendant.
------------------------------------------------------------X

Plaintiff NAIAS MARINE S.A., (hereinafter "NAIAS") by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, TRANS PACIFIC CARRIERS CO. LTD. (hereinafter "TRANS PACIFIC"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff NAIAS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH 96960.

3. The plaintiff NAIAS is the owner of the vessel M/V STENTOR, and the primary business of NAIAS is to charter the M/V STENTOR to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant TRANS PACIFIC was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an address at 10th floor, Donghwa Bldg., 58-7, Seosomun-Dong, Jung-Gu, Seoul, Korea.

5. The defendant TRANS PACIFIC is engaged in the business of transporting cargoes by ocean vessel.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On August 14, 2007, plaintiff NAIAS, as owner of the ocean-going vessel M/V STENTOR, entered into a charter party contract with defendant TRANS PACIFIC, as charterer, whereby defendant TRANS PACIFIC hired the M/V STENTOR for two (2) to three (3) loaded voyages, a minimum of 60 days and a maximum of 100 days, within agreed upon trading limits.

7. The charter party contract between plaintiff NAIAS and defendant TRANS PACIFIC is a maritime contract.

8. The maritime contract charter party between the plaintiff NAIAS and defendant TRANS PACIFIC, at clause 31, provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

9. Costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

10. On October 1, 2007, defendant TRANS PACIFIC gave notice that it would not continue the charter for a third laden leg and that, therefore, TRANS PACIFIC would redeliver the M/V STENTOR on or about October 20 or 21, 2007 with the specific statement to "Pls take this msg as chrts' 20 days of redelivery notice."

11. The plaintiff NAIAS accepted the notice of redelivery and, in reliance on the redelivery notice, NAIAS made arrangements to charter the M/V STENTOR to others.

12. Later, on October 1, 2007 and thereafter, defendant TRANS PACIFIC began to indicate that it wished to revoke its redelivery notice.

13. Plaintiff NAIAS, concerned by the hesitancy of defendant TRANS PACIFIC, did not accept defendant TRANS PACIFIC's revocation of the redelivery notice, as it was not required to do so under the terms of the charter party and, consequently, NAIAS accepted redelivery of the M/V STENTOR from TRANS PACIFIC.

14. On October 25, 2007, the defendant TRANS PACIFIC sued plaintiff NAIAS in the Southern District of New York alleging that NAIAS was in breach of the

charter party of August 14, 2007 by wrongfully withdrawing the vessel the M/V STENTOR from the services of TRANS PACIFIC prior to the performance of the third laden leg.

15. The lawsuit initiated by TRANS PACIFIC was initiated for the specific purpose of employing the Rule B Maritime Attachment Procedure so as to obtain security for the breach of charter party claim that was to be arbitrated in London.

16. The lawsuit in the Southern District of New York was entitled Trans Pacific Carriers Co. Ltd. v. Naias Marine S.A., 07cv9544, and the case was assigned to Judge Louis L. Stanton.

17. The lawsuit of October 25, 2007, which was initiated by TRANS PACIFIC, was dismissed after NAIAS provided security for TRANS PACIFIC's claim in the form of a Letter of Guarantee from HSBC Bank for $978,238.00.

18. The security provided by NAIAS was in the amount of $590,863.41 on the principal claim, and $250,000.00 of which was specifically designated as security for the estimated costs of London arbitration that TRANS PACIFIC alleged it would incur and which costs are awardable to the prevailing party in London arbitration.

18. Pursuant to a request from TRANS PACIFIC under the circumstances of the posting of security by NAIAS, Judge Stanton signed a Notice of Dismissal on November 14, 2007, and Judge Stanton ordered that any funds belonging to NAIAS under attachment be released.

19. Plaintiff NAIAS, having posted security for the London arbitration, intends to fully participate in arbitration in London with defendant TRANS PACIFIC and, more to the point, NAIAS is of the firm belief that it will not only succeed in having

4

the claims of defendant TRANS PACIFIC either dismissed outright or that they will result in no damages, but the plaintiff NAIAS is of the firm belief that the arbitration panel will award NAIAS its costs in defending the claim in London arbitration as it is clear that NAIAS was not in breach of the charter party, pursuant to English law, by accepting the redelivery notice of TRANS PACIFIC.

20. Defendant TRANS PACIFIC has already stated in prior pleadings that it believes the costs of the London arbitration will be on the order of $250,000.00, and the plaintiff NAIAS agrees that this is a fair estimate of the costs to arbitrate the claim in London.

21. Despite due demand, the Defendant TRANS PACIFIC has refused to provide the Plaintiff NAIAS with security for the costs that will be incurred to defend the arbitration.

22. Based on the opinion of an English Barrister, the Plaintiff NAIAS is of the view that the defendant's exercise of its option not to perform a third loaded voyage was irrevocable and, as best as can now be estimated, plaintiff NAIAS expects to recover its estimated costs in London arbitration from defendant TRANS PACIFIC in the amount of $250,000.00.

## PRAYER FOR RELIEF

23. Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects,

payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

24. Plaintiff NAIAS believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

25. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

26. Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.  That the defendant be summoned to appear and answer this Verified Complaint;

B.  That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $250,000.00, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.  That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
November 27, 2007

By: _____

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
NAIAS MARINE S.A.

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
NAIAS MARINE S.A.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NAIAS MARINE S.A.,

       Plaintiff,

                     07 CV _____ (___)

  v.

                     **VERIFICATION**

TRANS PACIFIC CARRIERS CO. LTD.,

       Defendant.
-----------------------------------------------------------------X
STATE OF NEW YORK  :
            : ss.
COUNTY OF NASSAU   :

  BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

  1.  That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, NAIAS MARINE S.A., herein;

  2.  That he has read the foregoing complaint and knows the contents thereof;

  3.  That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
November 28, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
NAIAS MARINE S.A.

By: *[signature]*

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
November 28, 2007

*[signature]*
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2